UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIN MCCAIN-TOWNLEY; § | | |
| MARC TOWNLEY, § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| V. § | | CIVIL ACTION NO. 4:20-CV-379 |
| § | | |
| HSBC BANK USA, NATIONAL ASSOC., § | | |
| § | | |
| **Defendants.** | | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] are Plaintiffs' Motion to Remand (Dkt. No. 8) and Defendants' Response in Opposition (Dkt. No. 10). The Court has considered the motion, the response, the evidence, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiffs' Motion to Remand be **DENIED**.

## I. BACKGROUND

Plaintiffs filed their original petition in state court on December 31, 2019 and asserted causes of action for breach of contract and defamation. (Dkt. No. 1-1 at 8–13.) Plaintiffs filed their "First Amended Original Petition" on January 29, 2020 and asserted causes of action for breach of contract, defamation, violations of the Texas Debt Collection Act, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Fair Credit Reporting Act, 15 U.S.C. § 1681. (Dkt. No. 8 at 6–14.) Plaintiffs also added First Financial Asset Management, Inc. ("FFAM") as a defendant

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. No. 20.)

in the action. (*Id.* at 6.) The Amended Complaint and Citation were sent certified mail to FFAM on February 4, 2020 and ultimately delivered on February 7, 2020. (*Id.* at 16–17.) Defendants filed its Notice of Removal on February 4, 2020. (Dkt. No. 1.) Plaintiffs filed their Motion to Remand on March 4, 2020. (Dkt. No. 8.)

## II.   LEGAL STANDARDS

### A.   Removal

Under 28 U.S.C. § 1441(a), any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. Notice of removal must be filed within thirty days of a defendant's receipt of service. 28 U.S.C. § 1441(b). 28 U.S.C. § 1446(b)(2)(A) requires consent to removal of the action from all defendants who have been properly joined and served. Consequently, a defendant who has not been properly served need not consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A); *Tilley v. Tisdale*, 914 F. Supp. 2d 846, 850 (E.D. Tex. 2012). "[I]f a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand."[2] *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988).

### B.   Texas Service of Process

Under Texas law, service of process may be accomplished by mailing a true copy of the citation with a copy of the petition by certified mail, return receipt requested. *See* Tex. R. Civ. P. 106(a)(2). Texas' requirements for proper service of citation by registered or certified mail are

---

[2] FFAM filed its answer to Plaintiffs' "First Amended Original Petition" in state court on February 20, 2020. (Dkt. No. 8 at 18.) However, as of the date of this Memorandum and Recommendation, FFAM has not filed a motion to remand.

unambiguous. The return must: (1) be endorsed upon or attached to the citation; (2) state when citation was served; (3) be signed by the officer officially or the authorized person who served the citation; (4) be verified if served by an authorized person; and (5) have the postal service return receipt with the addressee's signature attached. *Hollister v. Palmer Indep. Sch. Dist.*, 958 S.W.2d 956, 959 (Tex. App.—Waco 1998, no pet.).

### III. ANALYSIS

Plaintiffs contend that Defendants' removal is "defective and/or improper" because Defendants failed to join FFAM and FFAM neither consented to removal nor provided a separate notice of removal.[3] (Dkt. No. 8 at 1.) Defendants respond that FFAM did not need to consent or join in the removal because Defendants removed the case prior to FFAM being served. (Dkt. No. 10 at 2.)

Plaintiffs' arguments hinge on when FFAM was served. The state court clerk sent the amended petition and citations to FFAM by certified mail on February 4, 2020. (Dkt. No. 8 at 16.) According to the USPS tracking number, process was received by FFAM on February 7, 2020. (*Id.* at 17.) Thus, February 7, 2020 is the date on which Plaintiffs properly effected service of process on FFAM.[4] *See* Tex. R. Civ. P. 106(a)(2); Tex. R. Civ. P. 107(b) (requiring, among other things, that the return contain the date and time the process was received for service); *cf. State Farm Fire*

---

[3] Plaintiffs also contend that the statutory removal limitation period had expired. (*Id.* at 1.) Plaintiffs filed their "First Amended Original Petition" on January 29, 2020 and made the case removable to federal court by adding federal claims. (*Id.* at 6–14.) Defendants removed the case four days later, which was well before the thirty-day deadline. *See* 28 U.S.C. § 1446(b)(1). Thus, the statutory removal limitation period had not yet expired.

[4] Plaintiffs note in their motion that FFAM was sent a courtesy copy of the "First Amended Original Petition" by email on January 29, 2020. To be clear, this would not constitute sufficient service of process under Texas law. *See* Tex. R. Civ. P. 106.

*& Cas. Co. v. Costley*, 868 S.W.2d 298, 289–99 (Tex. 1993) (observing that whether a defendant receives actual notice is unnecessary for *substitute* service). When Defendants filed its Notice of Removal on February 4, 2020, FFAM had not yet received service of process and, therefore, was not a served defendant. As such, Defendants were not required to have FFAM join or consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A).

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiffs' Motion to Remand be **DENIED**. If this Recommendation is adopted, Plaintiffs are **ORDERED** to file an amended response to Defendants' Motion to Dismiss. (*See* Dkt. Nos. 10, 16.)

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on December 2, 2020.

Sam S. Sheldon
United States Magistrate Judge