IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIN MCCAIN-TOWNLEY,<br>    *Plaintiff* | §<br>§<br>§ | CIVIL CAUSE NO. 4:20-cv-379 |
| vs. | §<br>§ | |
| HSBC BANK USA,<br>    NATIONAL ASSOCIATION,<br>    *Defendant* | §<br>§<br>§<br>§ | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

COMES NOW Plaintiff ERIN MCCAIN TOWNLEY(Townley or Plaintiff), and files this First Amended Original Complaint, and herein complains of HSBC BANK USA, N.A. Defendant, and for good cause would show the Court as follows:

### JURISIDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, 15 U.S.C. § 1681p *et seq*., and 28 U.S. Code § 1332.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's alleged violations of 15 U.S.C. § 1681 et seq., commonly known as the Fair Credit Reporting Act ("FCRA"), violations of 15 U.S.C.§ 1692 et seq., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES AND SERVICE

4. Plaintiff ERIN MCCAIN-TOWNLEY is an individual, consumer, and resident of Harris County, Texas.

5.  Defendant HSBC BANK USA, NATIONAL ASSOCIATION (HSBC or Defendant) is a national banking association authorized to conduct business in the State of Texas and conducts substantial and regular business activities in this judicial district. Defendant has answered in this case.

## JURY DEMAND

6.  Plaintiff requests a jury trial.

## FACTUAL BACKGROUND

7.  This lawsuit is about wrongful actions and omissions that the Defendant Bank took, and failed to take, against the Plaintiff in connection with an alleged debt that the Bank is attempting to collect from the Plaintiff, for a certain revolving credit card account. The Bank and Plaintiff voluntarily entered into a contractual relationship (the "cardmember agreement") when the said account was established on or about December 1, 2017.

8.  On March 24, 2018 Plaintiff tendered the said credit card to pay a Houston auto repair shop for certain original equipment manufacturer ("OEM") branded automotive parts and services which were purportedly furnished for the Plaintiff's vehicle. However, a few days after the purchase was completed, the Plaintiff discovered that the shop did not install the OEM parts that were authorized, promised, and paid for. On April 12, 2018, the Defendant produced and sent an account billing statement to the Plaintiff, with the above-described charge transaction appearing thereon. The Plaintiff promptly disputed the charge and notified the Defendant of her dissatisfaction with the purchase. The Plaintiff further provided facts and documents surrounding the transaction in a letter dated April 19, 2018, in accordance with the cardmember agreement. During the several weeks thereafter, the Defendant requested some additional information, all of which the Plaintiff furnished. Finally on June 26, 2018 the Defendant reversed the disputed charge, and the amount was credited to the Plaintiff's account.

9. Following the charge's reversal, the Defendant HSBC did not further initiate or resume communication with the Plaintiff regarding the dispute, billing error, or its investigation thereof. On September 5, 2018, more than seven months after the Plaintiff gave notice of the initial dispute, the Defendant HSBC posted another "duplicate" charge in the same amount to the Plaintiff's account. HSBC did not furnish Plaintiff with any notice or explanation whatsoever of the duplicate charge, neither prior to, nor at the time it was posted to the account.

10. The Plaintiff then disputed this charge in writing on October 19, 2018 but did not receive any acknowledgement or response from the Defendant. Approximately **nine months** after Plaintiff initially gave notice of the disputed charge, **and four months <u>after</u> the rebilling actually occurred**, the Defendant then mailed a notice of rebilling on December 20, 2018. In June of 2019, the Defendant initiated collection activities against the Plaintiff and also began reporting negative and delinquent account information about the Plaintiff to more than one consumer credit reporting agency / bureau. The said negative information has continuously appeared on Plaintiff's credit reports from June 2019 to the present.

11. In letters dated July 25, 2019 and January 17, 2020, Plaintiff gave notice that the alleged debt is inaccurate and disputed the validity thereof in entirety. Plaintiff also demanded that the Defendant cease and desist collection activities, and that the Defendant reply in writing acknowledging its compliance. The Defendant did not send any such reply, nor any further correspondence to the Plaintiff regarding the inaccuracy of the debt. The Defendant failed to initiate an investigation of the dispute and failed to cease collection efforts pending such investigation. Because the Defendant performed no investigation, the Defendant also failed to inform the Plaintiff of a determination of whether the debt is accurate or inaccurate.

12. The Plaintiff made numerous efforts to resolve this matter with the Defendant by sending e-mail messages and certified mail letters, most of which the Defendant chose to ignore.

Moreover, after July of 2019 when the Defendant began reporting the account as delinquent, Plaintiff has been denied credit, experienced severe reductions in pre-existing lines of credit with other creditors and other revolving charge card accounts, and experienced severely reduced credit scores. Plaintiff continued to vigorously protest and deny the validity of the alleged debt, but the Defendant has chosen to ignore same, and has continued and escalated its collection efforts. Plaintiff has been and is under considerable financial stress and mental torment because of this damage to her creditworthiness.

13. Even after the commencement of litigation on this matter, the Defendant engaged a third-party debt collection agent and directed the agent to continue collection efforts against the Plaintiff for the alleged debt. The collection agent sent numerous letters to the Plaintiff and Plaintiff's spouse numerous times by mail and e-mail, and called repeatedly at the Plaintiff's cellular telephone and family residence telephone. In doing so, the collection agent has insisted that it was acting as servant of the Defendant and was merely carrying out the Defendant's orders to collect the debt.

## CAUSES OF ACTION

14. The factual allegations and averments are, for all purposes, incorporated in each cause of action set forth below, as though fully reproduced hereinunder.

15. In general, Plaintiff contends any common law causes of action and statutory violations that were alleged or could have been alleged against the third-party debt collector, and which might be specifically applicable to Defendant, should extend to Defendant in accordance with the doctrine of *respondeat superior*.

*Breach of Contract:*

16. Plaintiffs will show that a valid contract existed between Plaintiff and the Defendant; that

Plaintiff's contractual obligations, and particularly of procedures for charge disputes, errors, and purchase dissatisfaction, were performed in accordance with the terms of the said contract; that the Defendant committed material breach of said contract, and particularly of said procedures; and that Plaintiff sustained recoverable damages because of the Defendant's breach.

17. Specifically, Plaintiff will show that the Defendant breached the contract by its failure to perform certain obligations set forth in the cardmember agreement within the time specified therein, or after a reasonable time had elapsed, including but not limited to, the following excerpted terms:

> "Within 90 days of receiving your letter, we must either correct the error or explain to you why we believe the bill is correct."
>
> "If we made a mistake: You will not have to pay the amount in question, or any interest or other fees related to that amount."
>
> "After we finish our investigation, we will tell you our decision."
>
> "We must tell you the name of anyone to whom we reported you as delinquent, and we must let those organizations know when the matter has been settled between us."

18. Plaintiff will further show that she repeatedly invoked the applicable terms of the cardmember agreement and called attention to the Defendant's malfeasance, and that the Defendant had full knowledge of the harm accruing to the Plaintiff, but nevertheless willfully persisted in said breach with the intent to continue and compound such harm.

*Defamation / Libel:*

19. Plaintiff will show that in addition to the averments set forth above, one or more statements were published, in writing, to and by said consumer credit reporting agencies / bureaus; that said statements were defamatory; that said statements were specifically about Plaintiff Erin McCain-Townley; and that Defendant acted either intentionally, recklessly, or negligently regarding the truth of said statements. Plaintiff will further show that she repeatedly

called attention to the Defendant's tortious behavior, including notifying the Defendant of the harm accruing to the Plaintiff as a direct result, and that the Defendant had full knowledge of the harm accruing to the Plaintiff, but nevertheless persisted in and repeated its conduct with the intent to continue and compound such harm.

*Unreasonable Debt Collection:*

20. Plaintiff will show that the Defendant's conduct in sending letters to the Plaintiff threatening and engaging in collection activity, while knowing that the underlying debt claim was spurious, was an unconscionable course of harassment intended to inflict distress and harm, and caused the Plaintiff to suffer mental anguish. Further in retaliation for filing this lawsuit, and in flagrant disrespect court authority, the Defendant engaged a third-party debt collector and directed it to escalate collection efforts, while well-knowing that the debt was being vigorously disputed by the Plaintiff.

*Violations of the Texas Debt Collection Act:*

21. Plaintiff asserts a cause of action against Defendant for multiple violations of the Texas Debt Collection Act (the "TDCA"), on grounds that the Defendant's acts and omissions in this matter failed to comply with the specific statutory requirements governing Texas debt collectors, third party debt collectors, and debt collections. Defendant is a debt collector under § 392.001(6) of the TDCA and/or a third-party debt collector under § 392.001(7) of the TDCA. In particular, and subject to identification of additional violations, Plaintiff avers that the Defendant violated the following specific provisions of the Texas Finance Code:

    a. § 392.202(a) – When Plaintiff gave Defendant written notice that she disputed the debt, Defendant failed to cease collection efforts and initiate an investigation of the dispute;

    b. § 392.202(b) - After Plaintiff gave Defendant written notice that she disputed the

debt, Defendant failed to send any written statement to the Plaintiff within thirty (30) days;

c. §392.301(a)(3) – After receiving written notice of the disputed debt, Defendant created and distributed documents in attempting to collect the alleged debt, to certain third parties other than the Plaintiff, wherein Defendant used threats, coercion, or attempts to coerce that employed the practice of representing that Plaintiff willfully refused to pay a non-disputed debt;

d. §392.301(a)(7) – In attempting to collect the alleged debt, the Defendant forwarded to the Plaintiff certain correspondence produced by the merchant in the disputed transaction, which used threats, coercion, or attempts to coerce that employed the practice of threatening that nonpayment of the alleged debt would result in the seizure, repossession, or sale of Plaintiff's property without proper court proceedings;

e. §392.302(2) – In attempting to collect the alleged debt, the Defendant oppressed, harassed, or abused the Plaintiff by placing telephone calls to the Plaintiff's residence and cellular telephones, and those of the Plaintiff's spouse, without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number;

f. §392.302(4) – In its debt collections efforts, either itself or through its collection agent, Defendant oppressed, harassed, or abused the Plaintiff by causing the Plaintiff's telephone to ring repeatedly or continuously, and made repeated or continuous telephone calls, with the intent to harass a person at the called number;

g. §392.303(a)(2) – When Defendant, itself or through its collection agent, sent delinquent notices and other collection letters to Plaintiff, Defendant used unfair

or unconscionable means that employed the practice of attempting to collect, in part, spurious interest, charges, fees, and/or expenses, none of which are expressly authorized by an agreement legally chargeable to the Plaintiff;

h. §392.304(a)(4) – Defendant used a fraudulent, deceptive, or misleading representation that employed the practice of failing to disclose clearly in communication with the Plaintiff the name of the person to whom the debt has been assigned when making a demand for money. Specifically, the Defendant, through its collection agent, falsely represented that the alleged debt had actually been assigned to a third party.

i. §392.304(a)(8) – When Defendant, itself or through its collection agent, sent collection letters to Plaintiff, and created and distributed documents to certain third parties other than the Plaintiff, Defendant used a fraudulent, deceptive, or misleading representation that employed the practice of misrepresenting the character, extent, or amount of the Plaintiff's alleged debt.

*Violations of the Texas Deceptive Trace Practices Act:*

22. Plaintiff asserts causes of action against Defendant Defendant for multiple violations of the Texas Deceptive Trace Practices Act on ground that the Defendant's acts and omissions in this matter constitute violations of both the Texas Debt Collection Act, as pleaded above, and the Texas Deceptive Trace Practices Act (the "TDTPA") laundry list. A violation of the TDCA is an actionable violation of the TDTPA pursuant to §392.404(a) of the Texas Finance Code. Additionally, and/or alternatively, Plaintiff asserts independent claims for laundry list TDTPA violations under §17.46 of the Texas Business and Commerce Code.

23. Plaintiff is a consumer as defined in both the TDCA and the TDTPA. Plaintiff will show that Defendant used false, misleading, or deceptive acts or practices, which violated the

following specific provisions of the Texas Business and Commerce Code:

    a. §17.46(b)(5) – in its correspondence to the Plaintiff, Defendant represented that its services have sponsorship, approval, characteristics, and uses, which they do not have;

    b. §17.46(b)(8) – in its representations to the Plaintiff and to certain third parties, Defendant disparaged the business of the Plaintiff by false or misleading representation of facts;

    c. §17.46(b)(12) – Defendant represented to the Plaintiff and/or to certain third parties that a cardmember agreement confers or involves rights, remedies, or obligations which it does not have or involve, and which are prohibited by law;

    d. §17.46(b)(24) – Defendant failed to disclose information concerning its and/or its collection agent's services, which were known at the time said correspondence was sent, and said failure to disclose said information was intended to induce the Plaintiff to pay the amount $694.16, which amount the Plaintiff would not pay had the information been disclosed.

*United States Fair Debt Collection Practices Act:*

24. Subject to their right to amend, Plaintiff asserts a cause of action against the Defendant under one or more provisions of the Fair Debt Collection Practices Act, on grounds that the Defendant's acts and omissions in this matter 1) failed to comply with the specific statutory requirements governing debt collectors, third party debt collectors, and debt collections, and/or 2) constitute intentional and/or knowing misrepresentations of character, amount, or extent of the debt to be collected, and in violation of §§ 1692 *et seq.*, Title 15 of the United States Code.

*United States Fair Credit Reporting Act:*

25. Subject to their right to amend, Plaintiff asserts a cause of action against the Defendant

under one or more provisions of the Fair Credit Reporting Act, on grounds that the Defendants acts and omissions in this matter 1) failed to comply with the specific statutory requirements governing consumer reports, consumer reporting agencies, and furnishers of information thereto, and/or 2) constitute willful non-compliance with the law, and in violation of §§ 1681 *et seq.*, Title 15 of the United States Code.

## DAMAGES / RELIEF SOUGHT

26.     Plaintiff will show that all the acts and omissions, taken together or singularly, constitute the proximate and / or producing causes of damages sustained by the Plaintiff.  Plaintiff further avers that some or all the Defendant's conduct was committed either knowingly or intentionally. Plaintiff anticipates that Defendant intends to continue said acts and omissions during the pendency of this lawsuit, and thereafter.

27.     Plaintiff seeks all actual, compensatory, and statutory damages accrued through trial in this cause. Plaintiff seeks exemplary damages as authorized by statute.  Plaintiff asserts that her monetary damages do not exceed fifty thousand dollars ($50,000).

For each statutory violation of the TDCA, Plaintiff sues for actual damages as provided in § 392.403(a)(2) and (e) of the Texas Finance Code.  For each statutory violation of the TDTPA, Plaintiff sues for actual damages, economic damages and damages for mental anguish, including treble damages thereof, and further relief as applicable, as provided in § 17.50(b)(1), (3), and (4), and (h) of the Texas Business and Commerce Code.

## CONDITIONS PRECEDENT

28.     Plaintiff avers generally that all conditions precedent to this action have been performed or have occurred. Specifically, Plaintiff avers that the TDTPA pre-suit notice required under § 17.505 of the Texas Business and Commerce Code has been transmitted and delivered to the Defendant more than sixty (60) days prior to the filing of this action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that after trial and hearing in this cause, the Court enter judgment in her favor as against Defendant HSBC BANK USA, NATIONAL ASSOCIATION for all monetary relief, including compensatory, statutory, and exemplary damages, prejudgment and post judgment interest, all attorney fees and costs, and for the above-described injunctive relief, and all such further relief, general or special, at law and in equity, to which the Plaintiff may be justly entitled.

Respectfully Submitted,
THE LAW OFFICE OF DEREK W. LOETZERICH, PLLC

By:/s/ Derek Loetzerich
Derek W. Loetzerich
SBN: 24102105
P.O. Box 542069
Houston, Texas 77254
(713) 955-8543
E-mail: derek@loetzerichlaw.com

ATTORNEY FOR THE PLAINTIFF
ERIN MCCAIN-TOWNLEY

## CERTIFICATE OF FILING & SERVICE

I, Derek W. Loetzerich, hereby certify that a true and correct copy of the foregoing pleading was served on Friday, March 5, 2021 in accordance with Federal Rules of Civil Procedure.

By:/s/ Derek Loetzerich